# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> MICHAEL RIPPIE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:13-cr-00154-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion in Limine to Exclude Evidence (ECF No. 36) filed by the United States of America ("the Government"). Defendant Michael Rippie filed an Opposition to the Government's Motion in Limine (ECF No. 43), requesting a Court determination as to whether he is entitled to present an affirmative defense of entrapment by estoppel.

The parties have requested an expedited preliminary ruling from the Court as to the Government's Motion in Limine (ECF No. 36), and also as to Defendant's request for a determination from the Court as to whether Defendant is entitled to present an affirmative defense of entrapment by estoppel (ECF No. 43).

The Court held a hearing on June 13, 2013, and heard arguments from the parties as to the Government's Motion in Limine (ECF No. 36), Defendant's Opposition (ECF No. 43), and Defendant's request for a Court determination as to the defense of entrapment by estoppel.

**I.  BACKGROUND**

Defendant is charged with two counts under Title 18, United States Code, pursuant to § 924(a)(2): **Count I.** Violation of § 922(g)(4) (Possession of a Firearm by a Person Previously

Committed to a Mental Institution); and **Count II.** Violation of § 922(a)(6) (Making False Statements to Acquire Firearms). (Superseding Indictment, ECF No. 24.)

For Count I, the Government must prove that:

I. defendant knowingly possessed a firearm;
II. the firearm had been shipped or transported from one state to another, or in foreign commerce; and
III. at the time the Defendant possessed the firearm, he had previously been adjudicated as a mental defective or had been committed to a mental institution.

18 U.S.C. §§ 922(a)(2), (g)(4).

For Count II, the Government must prove that:

I. defendant attempted to acquire a firearm from a licensed firearms dealer;
II. defendant made a false statement in connection with attempting to acquire the firearm;
III. defendant knew the statement was false; and
IV. the false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing the firearms dealer into believing that the firearm could be lawfully sold to Defendant.

18 U.S.C. §§ 922(a)(2), (a)(6).

Defendant argues that he is entitled to present an affirmative defense of entrapment by estoppel as to both Count I and Count II. (ECF No. 43.) The Government argues that Defendant is not entitled to present this defense, and furthermore, that the Court should exclude as irrelevant any evidence of:

(1) Defendant's belief that the records were sealed – relating to his 1971 Colorado adjudication of not guilty by reason of insanity and resulting commitment to a mental institution; and

(2) Defendant's belief that he was not prohibited from possessing a firearm.

(ECF No. 36.)

## II. DISCUSSION

### A. Defendant's request for a Court determination as to whether he is entitled to present the affirmative defense of entrapment by estoppel.

Based upon the briefs submitted by the parties (ECF Nos. 36, 43), and the arguments and exhibits presented at the hearing on June 13, 2013, the Court finds that Defendant has not met his burden to show that there is more than a "mere scintilla" of evidence supporting his theory of entrapment by estoppel. Therefore, at this time the Court cannot find that he is entitled to present this defense.

#### *1. Legal Standard*

Defendant is entitled to jury instructions "relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Lemon*, 824 F.2d 763, 764 (9th Cir. 1987). "A 'mere scintilla' of evidence supporting a defendant's theory, however, is not sufficient to warrant a defense instruction." *United States v. Morton*, 999 F.2d 435, 437 (9th Cir. 1993).

The elements of an affirmative defense theory of entrapment by estoppel are:

1. an authorized government official, empowered to render the claimed erroneous advice;
2. who has been made aware of all the relevant historical facts;
3. affirmatively told defendant that the proscribed conduct was permissible;
4. that defendant relied on the false information; and
5. that defendant's reliance was reasonable, meaning that a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.

*United States v. Batterjee*, 361 F.3d 1210, 1218 (9th Cir. 2004).

First, it is important to distinguish between the defense of entrapment and the defense of entrapment by estoppel because a defense of entrapment by estoppel does not turn on the subjective intent or state of mind of a defendant, unlike a defense of entrapment. *See id*.

Instead, "'entrapment by estoppel rests on a due process theory which focuses on the conduct of the government officials rather than on a defendant's state of mind.'" *Id*. (quoting *United States v. Brebner*, 951 F.2d 1017, 1025 (9th Cir. 1991)). Accordingly, this defense "'can be raised as a defense to offenses that do not require proof of specific intent.'" *Id*. (quoting *Brebner*, 951 F.2d at 1025)).

In *Brebner*, pursuant to this standard, previously articulated in *United States v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987), the Ninth Circuit found that there was no evidence of affirmative misrepresentations on the part of two federally licensed firearms dealers, and that the defendant's reliance on the dealers' representations was not reasonable because he should have been on notice to make further inquiries. 951 F.2d 1017, 1025 (9th Cir. 1991). Furthermore, the Ninth Circuit found that representations by state and local law enforcement officials do not support an entrapment by estoppel defense where "these officials lacked the authority to bind the federal government to an erroneous interpretation of federal law." *Id*. at 1026.

In *Brebner*, the Ninth Circuit also affirmed the defendant's conviction under § 922(a)(6) for making false statements in the acquisition of firearms, explaining that "to prove a violation of section 922(a)(6), knowledge of the law is not required," and instead, "[t]he government need only show that [the defendant] made a statement he knew to be false not that he knew he was violating the law." *Id*. at 1027 (internal quotation marks omitted).

### *2. Analysis*

#### a. Count I

As applied to Count I, the Court finds that Defendant has not shown more than a "mere scintilla" of evidence supporting the defense of entrapment by estoppel. Defendant does not appear to challenge the Government's allegations that he knowingly possessed a firearm that had been shipped or transported from one state to another, or in foreign commerce, and at the

time he possessed the firearm, he had previously been adjudicated as a mental defective or had been committed to a mental institution. Instead, Defendant appears to argue that he should not be convicted because:

1. an authorized government official, empowered to render the claimed erroneous advice;
2. who had been made aware of all the relevant historical facts;
3. affirmatively told defendant that he was not prohibited from possessing a firearm due to his previous adjudication as a mental defective and commitment to a mental institution;
4. that defendant relied on the false information; and
5. that defendant's reliance was reasonable, meaning that a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.

However, Defendant has presented no evidence that any government official affirmatively told him that he was not prohibited from possessing a firearm due to his previous adjudication as a mental defective and commitment to a mental institution.

Furthermore, to the extent that Defendant relies on government official's statements that he was not prohibited from possessing a firearm due to any prior felony convictions, Defendant has presented no evidence that these government officials had been aware of all the relevant historical facts, including Defendant's previous adjudication as a mental defective and commitment to a mental hospital. The information provided by Defendant addresses only his prior felony conviction but not his 1971 adjudication and commitment.

Also, Defendant has presented no evidence that a government official made an affirmative misrepresentation that the legal effect of sealing the records was equivalent to a judgment setting aside, vacating, or reversing the adjudication.

Accordingly, Defendant has failed to show more than a "mere scintilla" of evidence supporting the elements of: (1) the government official's awareness of all relevant historical facts, and (2) an affirmative misrepresentation. Therefore Defendant has not shown that he is

entitled to present an entrapment by estoppel defense as to Count I.

   b. Count II

As applied to Count II, the Court finds that Defendant has not shown more than a "mere scintilla" of evidence supporting the defense of entrapment by estoppel. Defendant does not appear to only challenge the Government's allegations that the Defendant knew his statement of "no" was false when he answered the question of whether he had "been adjudicated as a mental defective or been committed to any mental institution." Defendant appears to argue that even if he knew this statement was false, he should not be convicted because:

1. an authorized government official, empowered to render the claimed erroneous advice;
2. who had been made aware of all the relevant historical facts;
3. affirmatively told defendant that a false statement of "no" in answer to the question of whether he had "been adjudicated as a mental defective or been committed to any mental institution" was permissible;
4. that defendant relied on the false information; and
5. that defendant's reliance was reasonable, meaning that a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.

However, Defendant has presented no evidence at all that any government official affirmatively told him that a false statement of "no" was permissible in answer to the question of whether he had "been adjudicated as a mental defective or been committed to any mental institution."

Furthermore, Defendant has presented no evidence that any government official affirmatively misrepresented the legal effect of sealing the records with that of a judgment setting aside, vacating, or reversing the adjudication and commitment, so as to make permissible a false statement of "no" in answer to the question of whether he had "been adjudicated as a mental defective or been committed to any mental institution."

Also, to the extent that Defendant relies on any government official's statements that he

was not prohibited from possessing a firearm due to any prior felony convictions, Defendant has presented no argument or supporting evidence that these statements were affirmative misrepresentations that a false statement of "no" in answer to the question of whether he had "been adjudicated as a mental defective or been committed to any mental institution" was permissible.

Accordingly, Defendant has failed to show more than a "mere scintilla" of evidence supporting the element of an affirmative misrepresentation. Therefore, Defendant has not shown that he is entitled to present an entrapment by estoppel defense as to Count II.

If Defendant can produce additional evidence relating to a defense of entrapment by estoppel, however, he may renew his request for a Court determination of his entitlement to present this defense.

**B.  The Government's Motion in Limine to Exclude Evidence**

Based upon the briefs submitted by the parties (ECF Nos. 36, 43), and the arguments and exhibits presented at the hearing on June 13, 2013, the Court finds that evidence of Defendant's belief that the records were sealed is relevant to Count II, but not Count I, and that evidence of Defendant's belief that he was not prohibited from possessing a firearm is irrelevant to the elements of Count I and Count II, and irrelevant to a defense of entrapment by estoppel. Therefore, the Court will grant the Government's motion to exclude evidence of Defendant's belief that the records were sealed as to Count I, but deny the motion as to Count II. Also, the Court will grant the Government's motion to exclude evidence of Defendant's belief that he was not prohibited from possessing a firearm.

*1. Legal Standard*

Irrelevant evidence is not admissible, and the test for relevant evidence is whether "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401, 402.

*2. Analysis*

    a. <u>Defendant's belief that the records were sealed</u>

To be found guilty of Count I, the Defendant need only know he was in possession of a firearm, he does not need to know that he is a prohibited person. Therefore, the Court agrees with the Government, and Defendant concedes, that Defendant's belief that the records were sealed is irrelevant to Count I.

Nevertheless, Defendant argues that this belief is relevant to the scienter element of Count II because it tends to show that his statement of "no" in answer to the question of whether he had "been adjudicated as a mental defective or been committed to any mental institution" tends to make less probable the Government's allegation that he knew the statement was false. Defendant argues that his statement may be explained by a theory that he equated the legal effect of sealing the records with that of a judgment setting aside, vacating, or reversing the judgment, and that therefore he did not know that he had "been adjudicated as a mental defective or been committed to any mental institution."

Here, the Court finds that the fact of whether Defendant knew that the statement was false is of consequence in determining the guilt because it is an element of Count II that the Government must prove beyond a reasonable doubt. The Court also finds that evidence of Defendant's belief that these records were sealed and the effect of this sealing does have a tendency to make a finding of knowledge more or less probable than it would be without the evidence although ultimately it will be up to the jury to decide whether Defendant's proffered belief was a reasonable one. Therefore, evidence as to Defendant's belief that the records were sealed is relevant to the knowledge element of Count II, and should not be excluded on this basis. Accordingly, the Court will deny the Government's motion as to Defendant's belief that the records were sealed. The parties are cautioned that while this Order finds that the evidence should not be excluded because of irrelevance, it does not find affirmatively that the evidence

will definitely be admitted as that question has not yet been presented to the Court.

      b. <u>Defendant's belief that he was not prohibited from possessing a firearm</u>

  Defendant concedes that ignorance of the law is not a defense, and therefore appears to concede that his belief that he was not prohibited from possessing a firearm is not relevant to Count I, which only requires a scienter element as to Defendant's possession of a firearm, and not relevant to Count II, which requires a scienter element as to Defendant's false statement.

  Nevertheless, Defendant argues that his subjective belief is relevant to an affirmative defense of entrapment by estoppel because it shows reasonable reliance on the affirmative misrepresentations of a government official. However, this is incorrect, because reasonable reliance is objective and depends on whether "a person sincerely desirous of obeying the law" would have accepted the information as true, not whether Defendant would have done so. While Defendant must demonstrate that he relied on a statement by a Government official, Defendant's subjective state of mind is irrelevant to the determination of whether it was a reasonable reliance because the focus is on the conduct of government officials and on what "a person sincerely desirous of obeying the law" would do. Therefore, evidence of Defendant's belief that he was not prohibited from possessing a firearm is not relevant to a defense of entrapment by estoppel. Accordingly, the Court will grant the Government's motion to exclude this evidence based on the limited information presented.

### III. CONCLUSION

  **IT IS HEREBY ORDERED** that the Motion in Limine (ECF No. 36) is **GRANTED in part and DENIED in part**, as follows:

  The Motion in Limine (ECF No. 36) is **GRANTED** as to the admissibility of evidence of Defendant's belief that he was not prohibited from possessing a firearm; any evidence as to this belief is excluded as inadmissible because it is irrelevant.

  The Motion in Limine (ECF No. 36) is **DENIED** as to the relevance of evidence of

Defendant's belief that his records were sealed; evidence as to the Defendant's belief is relevant to the jury's determination of whether the Government can meet its burden to prove the knowledge element of Count II beyond a reasonable doubt.

**IT IS FURTHER ORDERED** that Defendant's request for a Court determination that he is entitled to present an affirmative defense of entrapment by estoppel is **DENIED without prejudice**.

**DATED** this 24th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge